WASHINGTON IRVING ADAMS

*v.*

STEPHEN W. CAREY et ux. et al.

Covenants relating to the management and sale of real estate contained in a declaration of trust, which was signed only by the trustee, cannot, in case of resulting trusts, be considered as covenants or limitations of their estates,

Adams v. Carey.

on the part of the other persons for whose benefit the trusts are declared, nor does their acceptance of the declaration of trust in such cases dispense with the necessity of their signatures under the statute of frauds, when the declaration is claimed to limit, or give an interest in, their equitable estates, which arose independently of the declaration of trust.

On bill for partition. Hearing on bill and answer.

*Mr. Robert M. Boyd*, for the complainant.

*Mr. Edwin B. Goodell*, for the defendant Carey.

EMERY, V. C.

The bill in this case is filed for partition, by a complainant claiming an equitable estate in lands, against the defendant holding the legal estate, who is also admitted to be the equitable owner of one-half interest in the lands, and against the other owners of the equitable interests. The existence of these equitable interests or estates in the lands is not denied. The case was heard on the bill and the answer of the defendant Carey, the holder of the legal title, and the question to be decided is as to the effect upon the complainant's equitable interests, of a declaration of trust signed by the defendant Carey at or shortly after the date when the legal title was conveyed to him. It appears from the bill and answer, and from the express statements in the declaration of trust, that the land was purchased by the complainant, Adams, the defendant Carey and two others, Samuel Parker and Calvin H. Carter, each contributing equally to the payment of purchase-money, and that the conveyance was made to Carey for the joint and equal benefit of all. Considering simply this payment by four persons and a conveyance to one of the four, there can be no doubt that each of the four persons became at once, upon the payment and conveyance, an equitable owner of one-fourth interest, and that Carey held the legal title in trust for all and subject to the right of each owner of an equitable interest to call upon the trustee for a conveyance of the legal title to his share and consequently to the right to file a bill for a partition.

The dispute in the case arises upon the question whether the subsequent provisions of Carey's declaration of trust change these

Adams v. Carey.

equitable rights and to what extent. A copy of the declaration of trust is annexed to the bill. It is signed only by Carey, and after declaring that the conveyance was made to Carey in trust to and for the joint and equal use and benefit of Adams, Parker, Carter and himself, and that each one of these had paid or agreed to pay the one equal fourth part of the consideration money for the premises conveyed to Carey, Carey covenants in the following words:

"And that in consideration of the above and of the sum of one dollar to me in hand paid by each of the said W. Irving Adams, Samuel M. Porter and Calvin H. Carter, the receipt whereof is hereby acknowledged, I do hereby covenant and agree to and with them and each of them, their and his executors, administrators and assigns that I, the said Stephen W. Carey, my heirs and assigns shall and will hold, use and manage, lease, sell, dispose of and convey the said land and premises and every part thereof in such manner, and upon such terms, and for such prices or considerations as may be from time to time fixed and determined upon by any three of the aforesaid owners (including myself) the executor or administrator of any deceased owner representing his one-fourth share or interest, the same to be fully expressed to me in writing, and shall and will account for and pay over to each of said owners or his heirs, executors, administrators or assigns the equal one-fourth part of all moneys which may be received by me or my heirs, executors, administrators or assigns for or on account of the said land and premises, whether by lease, sale or otherwise after deducting and paying all taxes, assessments and other necessary charges or expenses imposed upon or incurred by reason of the same."

After the execution of the declaration of trust dated October 30th, 1875, and in 1876, Parker, one of the purchasers, died intestate in the city of New York, leaving a widow and two children, all made defendants (one of the children being an infant), but no executor or administrator of his estate has been made defendant, nor does it appear whether any has been appointed in New York or in this state. Carter, another of the four purchasers, died in 1887, intestate, and the interest he held has since been purchased by the defendant Carey, who is now, therefore, the equitable owner of one-half interest in the lands. One of the owners of the Parker interest being an infant, and incapable of consenting to or requesting sale, and Carey being now the owner of one-half interest, the complainant files his bill for a partition of the lands, alleging that Carey refuses to sell or

to name the price at which he would sell, and that it is now impossible equitably to enforce or comply with the conditions of the covenant in the declaration of trust. The complainant claims that the conditions specified in the declaration of trust as to the sale by Carey are no bar to the bill for partition, for the reasons (1) that the situation of the equitable owners has been substantially changed by the act of the trustee himself, in acquiring the additional interest, so that he actually now controls the sale adversely to the other *cestuis que trust;* (2) because no limitation of time or provision for termination of Carey's right of sale was fixed, and it was therefore void as violating the rule of law against perpetuities and illegally suspending the power of alienation ; (3) because no consent can be given as to the Parker share because of the infancy of one of the owners.

The defendant Carey, by his answer, admitting the facts above stated as to the payments of the purchase-money and the conveyance in trust, denies complainant's right to a partition, and claims to hold a legal title to the lands, subject to be divested only in the manner expressed in his covenant in the declaration of trust. This claim is based upon the contention that Carey, under his covenant, holds the lands as trustee under an active trust, prescribed by the declaration of trust, and that the entire rights of all the parties in the lands are fixed by the declaration of trust, so that the trustee has the right to insist upon a sale in this manner only.

The case upon both sides has been fully and ably argued upon the construction and effect of the provisions of this covenant in the declaration of trust, and upon the theory that this declaration of trust, signed by Carey alone and in which this covenant on his part is inserted, was equivalent to a declaration or grant signed by the other equitable owners, limiting their estates in the lands to the language or terms of Carey's covenant. But, as it seems to me, this would be giving to Carey's sole declaration and covenant a force against the other owners to which it is not entitled. The equitable estate of the complainant in the land resulted not from Carey's declaration of trust, but from his payment of a portion of the purchase-money, and arose as soon as

the money was paid, or agreed to be paid, and the deed was taken in Carey's name. It would have existed had no contemporaneous or subsequent evidence of it been signed by Carey. Carey's written declaration that the money of the complainant was so paid, and that he held the legal title in trust, was sufficient evidence against him of the facts from which complainant's equitable estate arose, but these facts might have been proved otherwise, and even by parol. How, then, can the addition of a covenant by Carey to this declaration of trust, declaring how he will hold the property, be a sufficient writing under the statute of frauds against the other owners, to impose conditions on their equitable estate in the lands?

The declaration of trust was not made by Carey dealing solely with lands which were legally and equitably his, and which he was conveying to the complainant, in which case he might have attached whatever conditions he chose, provided they were legal, in the instrument which conveyed an equitable estate in them to others; but he was here only furnishing written evidence for the other owners and against himself, of the facts showing that he held as trustee and admitting the trust. The other owners, in accepting this declaration of trust and acting on it, if they did so, would not, it seems to me, thereby make Carey's covenant their covenant for all purposes or supply the defect of the writings required *to be signed by them* under the statute of frauds, in order to give any interest in or power over their equitable estates This is not the case where the grant of an estate is made by the deed creating it, subject to a condition or covenant to be performed by the *grantee*, and where the acceptance of the estate by the deed containing the covenant of the *grantee*, makes it his covenant, although he did not formally execute it. The covenant, therefore, in my view, was a covenant of Carey alone, and as against the other equitable owners cannot be made to operate as a covenant or grant against them or their estates, in the absence of the writing on their part required by the statute of frauds. To the extent that the parties have acted under the declaration, they are equitably bound, of course, but a court of equity should, it seems to me, on the application of any equitable owner, inter-

Adams *v.* Carey.

ested adversely to the trustee, give him the benefit of his whole equitable estate in the lands, subject only to such lawful restrictions thereon as have been authorized in writing signed by him. Under this view of his rights the complainant has, therefore, an equitable estate in these lands which would entitle him to a partition, and I shall so advise, without determining the further questions raised by the complainant as to the construction and validity of the provisions of Carey's covenants in the declaration of trust.